UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MICHAEL J. LAMICA,

                              **Plaintiff,**

                      **v.**                                       **5:05-CV-964**
                                                           **(FJS/GJD)**

CATHY LAPIERRE,

                                **Defendant.**

_____

**APPEARANCES**                                                   **OF COUNSEL**

**SHANLEY LAW OFFICES**                          **P. MICHAEL SHANLEY, ESQ.**
3386 Main Street
P.O. Box 359
Mexico, New York 13114
Attorneys for Plaintiff

**MELVIN & MELVIN, PLLC**                        **ELIZABETH A. GENUNG, ESQ.**
217 South Salina Street, 7th Floor
Syracuse, New York 13202-1686
Attorneys for Defendants

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      Plaintiff brings this action for breach of fiduciary duty following the death of his father, John A. Lamica. Currently before the Court is Defendant's motion to dismiss Plaintiff's claims pursuant to Rules 12(b)(1), 12(b)(3), and 12(b)(6) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1406(a).

## II. BACKGROUND

John Lamica was a resident of Oswego County, New York; and, while suffering from a brain tumor, he executed a will on April 15, 2004, in which he left his entire estate to Plaintiff. Thereafter, John Lamica executed a durable power of attorney dated June 2, 2004, naming Defendant, who was his sister, as his agent. The power of attorney gave Defendant authority to conduct banking transactions, retirement transactions, and all other matters including medical decisions, on John Lamica's behalf. Shortly thereafter, John Lamica moved to Goochland, Virginia. Following the move to Virginia, John Lamica executed a second will, in which he left his Oswego residence to Plaintiff and the remainder of his estate to Defendant. John Lamica died on August 2, 2004.

Following John Lamica's death, Defendant was appointed executrix of his estate and was granted Limited Letters of Testament in Virginia and Ancillary Letters Testamentary in Oswego County. The second will was admitted to probate in Virginia on July 21, 2004.[1]

Based upon these allegations, Plaintiff's Complaint alleges five substantive claims: (1) John Lamica lacked mental capacity to execute the second will due to terminal illness and dementia; (2) the second will is null and void; (3) Defendant "intentionally and negligently removed all funds" from John Lamica's bank and pension accounts for her own benefit, amounting to approximately $100,000; (4) John Lamica intended to leave his estate and all assets

---

[1] The will was allegedly admitted to probate under Virginia's small estate law because Defendant indicated that John Lamica's personal property was worth less than $15,000. *See* Affirmation of P. Michael Shanley, sworn to October 17, 2005, at ¶ 2(b).

Plaintiff did not contest the validity of the second will in the Virginia courts and claims that he did not receive notice before it was admitted to probate.

to Plaintiff; and (5) Defendant exploited John Lamica's mental incapacity and disregarded his intentions.

Defendant's motion to dismiss Plaintiff's claims is based on five grounds: (1) lack of subject-matter jurisdiction over Plaintiff's claims due to the probate exception to diversity jurisdiction; (2) the doctrine of *res judicata*, based on the second will's admission to probate in Virginia, bars Plaintiff's claims; (3) Plaintiff lacks standing to sue her for misusing the power of attorney because he has not been appointed as John Lamica's personal representative; (4) failure to state a cause of action upon which relief may be granted; and (5) improper venue.

### III. DISCUSSION

**A.    Subject-matter jurisdiction**

A federal court has no jurisdiction to probate a will or administer an estate because the equity jurisdiction that the Judiciary Act of 1789 granted is the same as that of the English Court of Chancery in 1789, which did not extend to probate matters. *See Markham v. Allen*, 326 U.S. 490, 494 (1946). However, federal courts "have jurisdiction to entertain suits 'in favor of creditors, legatees and heirs' and other claimants against a decedent's estate 'to establish their claims' so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court." *Id.* (citations omitted). Subject-matter jurisdiction is present when a federal court's judgment would interfere with state court proceedings only to the extent that a state court would be bound to recognize the federally adjudicated right. *See id.*; *see Ashton v. Josephine Bay Paul & C. Michael Paul Found., Inc.*, 918 F.2d 1065, 1072 (2d Cir. 1990) (quotation omitted).

The Supreme Court recently interpreted *Markham* as describing "a probate exception of distinctly limited scope . . . ."[2] *Marshall v. Marshall*, 126 S. Ct. 1735, 1747 (2006). The *Marshall* Court stated:

> [t]hus, the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction.

*Id.* at 1748. *Marshall* had to do with a tortious interference with inheritance claim brought against a decedent's son, based on his self-interested attempts to prevent the widow from receiving her intended inheritance. *See id.* at 1742. Since the tortious interference with inheritance claim in *Marshall* sought an *in personam* judgment rather than the probate or annulment of a will and did not seek to reach a *res* held in a state court's custody, the probate exception did not apply. *See id.* at 1748.

In the present case, Plaintiff's first, second, and fourth claims, alleging that John Lamica lacked mental capacity to execute the second will, that the second will is null and void, and that John Lamica intended to leave his entire estate to Plaintiff, respectively, clearly fall within the probate exception to this Court's subject-matter jurisdiction. To the extent these claims state a cause of action at all, they involve the decedent's capacity to make a testamentary disposition and testamentary intent. Therefore, these claims involve "the probate or annulment of a will," because Plaintiff seeks to invalidate the second will to receive his inheritance under the first will.

---

[2] Neither Plaintiff nor Defendant cites *Marshall* because they filed their papers before the Supreme Court issued the opinion. Defendant relies on the pre-*Marshall* case of *Moser v. Pollin*, 294 F.3d 335 (2d Cir. 2002), and cases from other Circuits. In contrast, Plaintiff provides no citations or legal arguments on this issue.

*See Marshall*, 126 S. Ct. at 1748.  Thus, the Court concludes that it lacks subject-matter jurisdiction over these claims due to the probate exception.

However, the probate exception does not bar Plaintiff's third and fifth claims, alleging breach of fiduciary duty, because these claims do not seek to probate or annul a will.  *See id.* at 1748.  Instead, the breach of fiduciary duty claims are peripheral to the probate proceeding because they assert that Defendant wrongfully appropriated John Lamica's funds pursuant to the power of attorney during his lifetime.  Additionally, the assets in dispute are not in state-court custody because Defendant allegedly took them before John Lamica's death.[3]  Since these assets were in Defendant's possession at the time of John Lamica's death and, therefore, were not subject to the probate proceeding, they are not in the state court's custody and never became part of the estate.  Therefore, this Court concludes that the probate exception to this Court's subject-matter jurisdiction does not apply to Plaintiff's breach of fiduciary duty claims because the Court would not "interfere" with a state probate proceeding by adjudicating these claims.

Accordingly, the Court **GRANTS** Defendant's motion to dismiss Plaintiff's first, second, and fourth claims (relating to the validity of the second will) and **DENIES** Defendant's motion to dismiss Plaintiff's third and fifth claims (relating to breach of fiduciary duty) for lack of subject-matter jurisdiction due to the probate exception.

**B.**   *Res Judicata*

The probate of a will is *res judicata* as to its validity.  *See First Church of Christ,*

---

[3] Plaintiff's allegation that Defendant represented the value of John Lamica's personal property at less than $15,000 under Virginia's small estate procedure supports this conclusion because the value of the assets in dispute here is approximately $100,000.

*Scientist v. Hutchings*, 209 Va. 158, 160 (1968) ("It is also well settled in this jurisdiction and elsewhere that an order or judgment of a clerk, or court having jurisdiction of the matter, admitting a paper to probate is a judgment *in rem*, binding not only the immediate parties . . . but all other persons and all other courts with respect to property within the jurisdiction of the probate court." (footnote omitted)).

The remaining claims in this case involve the issue of whether Defendant breached her fiduciary duties under the power of attorney during John Lamica's lifetime and do not involve the validity of the second will. Therefore, *res judicata* does not preclude Plaintiff from bringing these claims.

Accordingly, the Court **DENIES** Defendant's motion to dismiss Plaintiff's claims based on the doctrine of *res judicata*.

## C.     Standing

Defendant contests Plaintiff's standing to challenge her actions pursuant to the power of attorney because he is not a personal representative of John Lamica's estate. However, regardless of whether Plaintiff has standing under state law, Plaintiff must satisfy the standing requirements for federal court jurisdiction under Article III.

Article III requires a plaintiff to show (1) that he has suffered an actual or threatened injury as a result of the defendant's putatively illegal conduct; (2) that the injury can be fairly traced to the challenged action; and (3) that the injury is likely to be redressed by a favorable decision. *See Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982) (citations omitted).

Plaintiff cannot meet the three standing requirements of Article III. The only damage inflicted by the alleged wrong in this case was a reduction of John Lamica's estate. The second will, leaving all real property to Plaintiff and all personal property to Defendant, must be presumed valid due to the *res judicata* effect of its probate in Virginia. *See First Church of Christ, Scientist*, 209 Va. at 160. Therefore, the only injury possible under the second will would be a reduction in ***Defendant's*** share of the estate because she was entitled to receive all of the disputed personal property. Thus, Plaintiff cannot show actual or threatened injury.[4]

Accordingly, the Court **GRANTS** Defendant's motion to dismiss Plaintiff's third and fifth claims alleging breach of fiduciary duty because he lacks standing to assert these claims.

## IV. CONCLUSION

Accordingly, after reviewing the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendant's motion to dismiss Plaintiff's complaint is **GRANTED** because the Court lacks subject-matter jurisdiction to adjudicate Plaintiff's first, second, and fourth claims and Plaintiff lacks standing to assert his third and fifth claims; and the Court further

**ORDERS** that the Clerk of the Court enter judgment in Defendant's favor and close this case.

---

[4] Even if Plaintiff were to prevail on his breach of fiduciary duty claim on John Lamica's behalf, any damages would be recovered by the estate and thereafter distributed to Defendant under the probated second will. *See Wierdsma v. Markwood Corp.*, 53 A.D.2d 581, 581 (1st Dep't 1976) (asserting a claim against financial advisors who made misrepresentations to a decedent and stating that any relief would recover estate assets).

**IT IS SO ORDERED.**

                                                  Frederick J. Scullin, Jr.
Dated: November 28, 2006        Senior United States District Court Judge
       Syracuse, New York